IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-73,452-01






EX PARTE RAFAEL RAMIREZ, JR., Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. 07-CR-1020-A IN THE 107TH DISTRICT COURT


FROM CAMERON COUNTY






 Per curiam.


O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of sexual assault and
sentenced to twenty years' imprisonment. The Thirteenth Court of Appeals dismissed his appeal.
Ramirez v. State, No. 13-09-00224-CR (Tex. App.-Corpus Christi 2009, no pet.).

 Applicant contends, among other things, that his counsel rendered ineffective assistance
because he failed to timely file a notice of appeal. The trial court made findings of fact and
conclusions of law and recommended that we grant Applicant an out-of-time appeal. We believe that
the record should be further developed. Accordingly, the trial court shall order counsel, Nathaniel
Perez, to file an affidavit in response to Applicant's claim of ineffective assistance of counsel.

 If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If
Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an
attorney to represent him at the hearing. Tex. Code Crim. Proc. art. 26.04. 

 The trial court shall make further findings of fact as to whether Applicant was denied his
right to a meaningful appeal because Applicant's counsel failed to timely file a notice of appeal. The
trial court shall also make any other findings of fact and conclusions of law that it deems relevant
and appropriate to the disposition of Applicant's claim for habeas corpus relief.

 This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. If any continuances are granted, a copy of the
order granting the continuance shall be sent to this Court. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or
deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall
be returned to this Court within 120 days of the date of this order. Any extensions of time shall be
obtained from this Court. 

Filed: March 3, 2010

Do not publish